ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **JAGADI RODRÍGUEZ CANALES** <br> QUERELLANTE(S)-RECURRIDA(S) <br><br><br> V. <br><br><br> **RED NACIONAL DE ALBERGUES DE VIOLENCIA DE GÉNERO, INC.** <br> QUERELLADA(S)-RECURRENTE(S) | **TA2025RA00281** | *REVISIÓN DE DECISIÓN ADMINISTRATIVA* procedente de la **OFICINA DE LA PROCURADORA DE LAS MUJERES (OPM)** <br><br> Caso Núm. **OPM-Q-2025-01** <br><br> Sobre: Nulidad de Determinación de Expulsión de la Academia de Intercesores Legales |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente.

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 8 de mayo de 2026.

Comparece ante este Tribunal de Apelaciones, la **RED NACIONAL DE ALBERGUES DE VIOLENCIA DE GÉNERO, INC. (RED NACIONAL)** mediante una *Petición de Revisión Judicial de Orden Administrativa* instada el 10 de octubre de 2025. En su escrito, nos solicita la revisión de la *Orden* decretada el 16 de septiembre de 2025 por la **OFICINA DE LA PROCURADORA DE LAS MUJERES (OPM)**.[1] Mediante dicho dictamen, se ordenó notificar nuevamente, en el período de quince (15) días, copia de la *Querella Formal ante la Oficina de la Procuradora de las Mujeres de Puerto Rico* (*Querella*) y sus anejos a la **RED NACIONAL**.[2]

---

[1] Dicha *Orden* fue notificada y archivada en autos el 17 de septiembre de 2025. Apéndice de la *Moción de OPM,* Anejo 1 págs. 1-3 del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[2] La notificación fue efectuada mediante correo electrónico.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

– I –

El 7 de agosto de 2025, el señor **JAGADI RODRÍGUEZ CANALES** (señor **RODRÍGUEZ CANALES**) incoó su *Querella*.[3] En esta, ponderó que la **RED NACIONAL** violó su derecho al debido proceso de ley; cometió discrimen por género e incumplió con el Reglamento Núm. 9543. Interpeló, entre otros, que se declarara la nulidad absoluta de la providencia de expulsión y se ordenara su reinstalación inmediata a la Academia de Intercesoría Legal en Agresión Sexual, así como que se emitiera una certificación oficial.

Puntualizó que el 11 de octubre de 2024, recibió comunicación por parte de la señora Coraly León Morales, Directora Ejecutiva de la **RED NACIONAL**, notificándole su admisión provisional a la Academia de Intercesoría Legal; y posteriormente, el 24 de octubre de 2024, obtuvo confirmación oficial de su admisión final.[4] Adujo que el 22 de noviembre de 2024, hubo otra misiva de la **RED NACIONAL**, en esta ocasión, notificándole su expulsión inmediata de la Academia por razón de "historial judicial corroborado".[5] Esgrimió que la misma no contenía determinaciones de hechos, conclusiones de derecho, ni informaba sobre el procedimiento para apelar dicha determinación, incumpliendo así con el Art. 3.15 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU). Aseveró que, el 25 de noviembre de 2024 y el 7 de diciembre de 2024, refutó todas las alegaciones, sin embargo, la **RED NACIONAL** mantuvo arbitrariamente su expulsión por supuesta violación al Art. 7 del *Reglamento para la Certificación y Autorización de las/os lntercesoras/es Legales*.[6]

---

[3] Apéndice de la *Moción de OPM*, Anejo 1 págs. 4-10 del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[4] Apéndice de la *Moción de OPM*, Anejo 1 págs. 11-17 del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[5] Apéndice de la *Moción de OPM*, Anejo 1 págs. 18-19 del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[6] Apéndice de la *Moción de OPM*, Anejo 1 págs. 20-29 del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). Reglamento Núm. 9543, Departamento de Estado, 12 de marzo de 2024, pág. 5.

El 20 de agosto de 2025, la licenciada **ASTRID PIÑEIRO VÁZQUEZ**, **PROCURADORA DE LAS MUJERES**, emitió una *Resolución* designando al licenciado Javier José Dilán Pérez como Oficial Examinador para presidir los procedimientos concernidos a la *Querella*.[7] Después, el 27 de agosto de 2025, la **OPM** dictaminó una *Orden* concediéndole un intervalo de treinta (30) días para presentar su réplica a la *Querella* a la **RED NACIONAL**.[8]

Más tarde, el 15 de septiembre de 2025, la **RED NACIONAL** presentó una *Solicitud de Notificación de la Querella Conforme al Art. 7.1 del Reglamento sobre Procedimientos Investigativos y Adjudicativos de la Oficina de la Procuradora de las Mujeres*.[9] Arguyó no haber sido advertida adecuadamente sobre la *Querella* en su contra, por lo que, solicitó se le notificase conforme dispuesto en el Reglamento de la OPM.

De modo que, el 16 de septiembre de 2025, la **OPM** pronunció la *Orden* recurrida. En desacuerdo, el 22 de septiembre de 2025, la **RED NACIONAL** presentó su *Moción de Reconsideración de la Orden de 17 de septiembre de 2025*.[10] Imploró que se ordenara la notificación de la *Querella* por correo certificado con acuse de recibo, conforme dispuesto en el Art. 7.1 del Reglamento de la OPM, y se le permitiera contestar la *Querella* dentro del aplazamiento reglamentario dispuesto en el mismo artículo, entiéndase, treinta (30) días contados a partir del recibo de la notificación. El 23 de septiembre de 2025, se prescribió *Orden* declarando *No Ha Lugar* el petitorio de reconsideración e instruyendo a cumplir con lo ordenado, conforme la Sección 3.2-A de la LPAU.[11]

Inconforme, el 10 de octubre de 2025, la **RED NACIONAL** acudió ante este foro revisor mediante *Petición de Revisión Judicial de Orden*

---

[7] Apéndice de la *Petición de Revisión Judicial de Orden Administrativa*, Anejo núm. 3 del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[8] Apéndice de la *Petición de Revisión Judicial de Orden Administrativa*, Anejo núm. 5 del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[9] Apéndice de la *Petición de Revisión Judicial de Orden Administrativa*, Anejo núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). Reglamento Núm. 8454, Departamento de Estado, 10 de marzo de 2024, pág. 10.

[10] Apéndice de la *Petición de Revisión Judicial de Orden Administrativa*, Anejo núm. 2 del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[11] Apéndice de la *Petición de Revisión Judicial de Orden Administrativa*, Anejo núm. 6 del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

*Administrativa*, junto a una *Moción en Auxilio de Jurisdicción*. En su escrito, señala el(los) siguiente(s) error(es):

> Erró el Oficial Examinador: al concluir en su ORDEN notificada el 17 de septiembre de 2025 que "[d]e los autos consta, según la certificación de la querella, que la misma fue notificada a la Sra. Coraly León Morales, Directora Ejecutiva de la Red Nacional de Albergues de Violencia de Género, Inc."; al no ordenar la notificación de la querella mediante correo certificado con acuse de recibo, como dispone el Art. 7.1 del Reglamento Núm. 8454, *supra*, reglamento que rige los procedimientos que preside; al ordenar la contestación a la querella en un término de quince (15) días a partir de la notificación de dicha orden, negando el derecho de la parte querellada a contestar en un término de treinta (30) días contados a partir de la notificación de la querella, dispuesto en el Art. 7.1 del Reglamento Núm. 8454, *supra*; y al emitir una orden *ultra vires*, por ser contraria al Reglamento Núm. 8454, de la ley Núm. 20-2001, según enmendada, de la Ley Núm. 38-2017, según enmendada, y a la Ley Núm. 16 de 14 de mayo de 2025, que enmienda la Ley Núm. 38-2017, y requiere a las Agencias adoptar reglas conforme a la enmienda en un término de 90 días contados desde su aprobación.

El 17 de octubre de 2025, concretamos *Resolución* en la cual se declaró ha lugar la petitoria de auxilio de jurisdicción y se ordenó la paralización provisional de los procedimientos; así como, se confirió un plazo de diez (10) días para presentar su oposición al auxilio de jurisdicción al señor **RODRÍGUEZ CANALES**. Además, se le requirió a la **OPM** suministrar copia fiel y exacta de la notificación de la *Querella*, así como de cualquier otro escrito concerniente a dicha notificación. En cumplimiento con lo ordenado, el 27 de octubre de 2025, la **OPM** presentó una Moción.

Evaluado concienzudamente el expediente del caso; y sin el beneficio de la comparecencia del señor **RODRÍGUEZ CANALES**; nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

## – II –

### - A - *REVISIÓN ADMINISTRATIVA*

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) provee un cuerpo de reglas mínimas para gobernar los

procesos de adjudicación y reglamentación en la administración pública.[12] Su sección 4.1 instituye la *revisión judicial* por este Tribunal de Apelaciones de las determinaciones finales de las agencias.[13]

La *revisión judicial* tiene como propósito limitar la discreción de las agencias y asegurarse de que estas desempeñen sus funciones conforme a la ley.[14] El criterio rector al momento de pasar juicio sobre una decisión de un foro administrativo es la razonabilidad de la actuación de la agencia.[15] Nuestra evaluación de la decisión de una agencia se circunscribe, entonces, a determinar si esta actuó de forma arbitraria, ilegal o irrazonable, o si sus acciones constituyen un abuso de discreción.[16]

Empero, las decisiones de los organismos administrativos especializados gozan de una presunción de legalidad y corrección, por lo que, sus conclusiones e interpretaciones merecen gran consideración y respeto.[17] Por ello, al ejecutar nuestra función revisora, este Tribunal está obligado a considerar la especialización y experiencia de la agencia, distinguiendo entre cuestiones de interpretación estatutaria —sobre las que los tribunales son especialistas— y cuestiones propias de la discreción o pericia administrativa.[18] Ello implica que los dictámenes de los entes administrativos merecen deferencia judicial.[19]

Ahora bien, tal norma no es absoluta. Nuestro más alto foro ha instaurado que no podemos dar deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.[20]

---

[12] Conocida como la Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA § 9601-9713; *SLG Saldaña-Saldaña v. Junta*, 201 DPR 615, 621 (2018).

[13] 3 LPRA § 9671.

[14] *Torres v. Junta Ingenieros*, 161 DPR 696, 707 (2004). Véase, además Javier A. Echevarría Vargas, *Derecho Administrativo Puertorriqueño*, Ediciones Situm (2017), págs. 304 – 306.

[15] *Fonte Elizondo v. F & R Const.*, 196 DPR 353 (2016); *Otero v. Toyota*, 163 DPR 716 (2005). D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativa Uniforme*, 2da ed., Bogotá, Ed. Forum, 2001, pág. 543.

[16] *Pérez López v. Depto. Corrección*, 208 DPR 656, 660 (2022).

[17] *Transporte Sonnell, LLC v. Junta de Subastas*, 2024 TSPR 82; 214 DPR ____; *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891 (2008).

[18] *OCS v. Point Guard Ins.*, 205 DPR 1005, 1028 (2020).

[19] *DACo v. Toys "R" Us*, 191 DPR 760, 765 (2014).

[20] *Torres Rivera v. Policía de PR*, 196 DPR 606, 625- 626 (2016).

Particularmente, concretó las normas básicas sobre el alcance de la *revisión judicial* al expresar:

> [L]os tribunales deben dar deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

El alcance de la *revisión judicial* de las determinaciones administrativas se ciñe a determinar lo siguiente: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho de la agencia están basadas en *evidencia sustancial* que obra en el expediente administrativo, y (3) si las conclusiones de derecho fueron las correctas.[21]

En cuanto a las determinaciones de hechos, estas serán sostenidas por los tribunales si están respaldadas por *evidencia sustancial* que surja del expediente administrativo considerado en su totalidad.[22] La *evidencia sustancial* es aquella relevante que una mente razonable puede aceptar como adecuada para sostener una conclusión.[23] Debido a la presunción de regularidad y corrección que cobija a las decisiones de las agencias administrativas, quien alegue ausencia de *evidencia sustancial* debe presentar prueba suficiente para derrotar dicha presunción.[24] Es decir, estas determinaciones serán respetadas mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas.[25] Para ello "tiene que demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se

---

[21] Sección 4.5 de la LPAU, 3 LPRA § 9675; *OEG v. Martínez Giraud,* 210 DPR 79 (2022).
[22] *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* 2025 TSPR 56, 215 DPR ___ (2025); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018).
[23] *Otero v. Toyota, supra,* pág. 728.
[24] *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 128 (2019).
[25] *Graciani Rodríguez v. Garaje Isla Verde, supra,* pág. 128.

pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración".[26] De modo que no podrá basarse únicamente en simple alegaciones. A esto se le conoce como la norma de la *evidencia sustancial,* con la cual se persigue evitar sustituir el criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor.[27] Aun cuando exista más de una interpretación razonable de los hechos, el tribunal debe dar deferencia a la agencia, y no sustituir su criterio por el de esta.[28]

Por otro lado, las conclusiones de derecho de la agencia son revisables en todos sus aspectos, sin sujeción a norma o criterio alguno.[29] Así, debemos dar deferencia a las interpretaciones que los organismos administrativos hacen de las leyes y reglamentos que administran. Es por ello, que, ante casos dudosos, donde pueda concebirse una interpretación distinta de estas leyes y reglamentos, la determinación de la agencia merece deferencia sustancial.[30]

En resumen, si la decisión recurrida es razonable y se sostiene en la *evidencia sustancial* que obra en el expediente administrativo, procede su confirmación.[31] A *contrario sensu*, los tribunales revisores podemos intervenir con la decisión recurrida cuando no está basada en *evidencia sustancial*, o cuando la actuación es arbitraria, irrazonable o ilegal, o cuando afecta derechos fundamentales.[32] Del mismo modo, el Prof. Echevarría Vargas ha puntualizado que las decisiones de las agencias gubernamentales no deben ser "revocadas o modificadas salvo que conste una actuación arbitraria, ilegal o irrazonable".[33]

---

[26] *Gutiérrez Vázquez v. Hernández y otros,* 172 DPR 232, 244 (2007).
[27] *Pacheco v. Estancias,* 160 DPR 409, 432 (2003).
[28] *Id.*
[29] *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros, supra*; *Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004).
[30] *Torres Santiago v. Depto. Justicia,* 181 DPR 969, 1002 (2011).
[31] *García Reyes v. Cruz Auto Corp., supra,* pág. 893.
[32] *Capó Cruz v. Jta. Planificación et al.,* 204 DPR 581 (2020); *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177 (2009).
[33] Echevarría Vargas, J. A., *Derecho Administrativo Puertorriqueño,* 5ta. ed. Rev., San Juan, Ed. Situm, 2023, pág. 340.

*- B - USO DE TECNOLOGÍA EN LOS PROCEDIMIENTOS ADJUDICATIVOS*

En relación con el uso de la tecnología, la LPAU implanta que la radicación de querellas, peticiones o solicitudes, así como las notificaciones sobre los procedimientos, podrán efectuarse mediante correo electrónico. En específico, la sección 3.2-A consigna que:

> Las agencias implementarán el uso de tecnología en los procesos adjudicativos. A esos fines, establecerán mecanismos para que la presentación de querellas, peticiones o solicitudes que realicen los ciudadanos a tenor con las disposiciones de esta Ley, puedan realizarse mediante correo electrónico o cualquier herramienta tecnológica que desarrolle la agencia o el Gobierno de Puerto Rico, y que esté disponible al público libre de costo. [D]el mismo modo, las notificaciones que deben realizarse en los procedimientos adjudicativos conforme a las disposiciones de esta Ley, podrán realizarse mediante correo electrónico o cualquier herramienta tecnológica que desarrolle la agencia o el Gobierno de Puerto Rico, y que esté disponible al público libre de costo[.]

*- III -*

La **RED NACIONAL** apuntala que incidió la **OPM** al: (1) concluir que la *Querella* fue avisada a la Directora Ejecutiva de la **RED NACIONAL**; (2) no ordenar la notificación de la *Querella* mediante correo certificado con acuse de recibo, conforme dispone el Reglamento de la **OPM**; (3) al ordenar la contestación a la *Querella* en un intervalo de quince (15) días a partir de la notificación de dicha *Orden*, negando el derecho de la parte querellada a contestar en un lapso de treinta (30) días contados a partir de la notificación de la *Querella*, según dispuesto en el Reglamento de la **OPM**; y (4) al emitir una *Orden* ultra vires, por ser contraria al Reglamento de la **OPM**.

Como norma general, los tribunales debemos abstenernos de revisar determinaciones administrativas interlocutorias. A pesar de, en limitadas ocasiones y a modo de excepción, podemos atender controversias en las cuales se cuestiona la *jurisdicción* de una agencia. Dado las particularidades de este pleito, nos encontramos en posición de ejercer nuestra función revisora. Veamos.

Según se desprende de los autos, el 27 de agosto de 2025, la **OPM** le notificó a la **RED NACIONAL** sobre la radicación de la *Querella* en su contra, y

le concedió un plazo de treinta (30) días para presentar su contestación.[34] Pero, la RED NACIONAL alegó que no se incluyó copia de la *Querella* junto a la notificación. Ante dicho defecto, el 16 de septiembre de 2025, la OPM notificó nuevamente a la RED NACIONAL sobre la *Querella* y le dispensó un tiempo de quince (15) días para replicar.[35] Posterior a ello, la RED NACIONAL argumentó que la notificación no fue conforme a derecho por haber sido efectuada mediante correo electrónico, y por conceder quince (15) días para contestar la *Querella*, en lugar de treinta (30) días conforme dispuesto en el propio Reglamento de la OPM. Les asiste la razón a estos en cuanto al aplazamiento de notificación, más no en lo relacionado a la notificación electrónica.

Comenzaremos por enfatizar que, en nuestro sistema de derecho, ante versiones encontradas entre una ley o un reglamento, prevalece lo estatuido en la ley. La OPM no fue exceptuada de la aplicación de la LPAU, por lo que esta rige en sus procedimientos. Dicho esto, vislumbramos que la notificación electrónica efectuada por la OPM a la RED NACIONAL fue conforme a lo contemplado en la LPAU y, por ende, acorde a derecho.

No obstante, lo anterior, la OPM incidió al conceder un período de quince (15) días a la RED NACIONAL para someter su contestación a la *Querella*. Ello pues, ante el hecho de que la LPAU es silente sobre el vencimiento que ostenta la parte querellada para contestar la *Querella*, se debe acudir a lo dispuesto en el Reglamento de la OPM: treinta (30) días a partir de la fecha de recibo de la notificación para presentar la contestación a la *Querella*. Concluimos que la *Orden* realizada por la OPM el 16 de septiembre de 2025 estuvo errada.

En aras de salvaguardar el debido proceso de ley, procede que la OPM efectúe una nueva notificación de la *Querella* concediendo el término reglamentario de treinta (30) días para replicar a la RED NACIONAL.

---

[34] La notificación electrónica fue cursada a los siguientes: Lcdo. Rafelli González Cotto (legalofficepr@gmail.com) y; Coraly León Morales (coordinacionredalbergues@gmail.com).
[35] La notificación electrónica fue efectuada a los siguientes: Lcdo. Rafelli González Cotto (legalofficepr@gmail.com) y; Lcda. Ruth E. Arroyo Muñoz (lcdarutharroyo@gmail.com).

## - IV –

Por los fundamentos antes expuestos, ***revocamos*** la *Orden* dictada el 16 de septiembre de 2025 por la **OFICINA DE LA PROCURADORA DE LAS MUJERES (OPM)**. En consecuencia, se devuelve el caso a la **OFICINA DE LA PROCURADORA DE LAS MUJERES (OPM)** para que emita la correspondiente notificación de la *Querella*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones